IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA ERMON | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) No. |
| v. | ) |
| | ) Amount Demanded: $30,000+ |
| ZELLER REALTY GROUP AND | ) |
| IMAGE FICTION, INC | ) JURY TRIAL DEMANDED |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff, Amanda Ermon ("Ermon"), by and through her attorney, Eric Onyango of Primetime Legal Services, LLC, complains of the defendants Zeller Realty Group and Image Fiction, Inc., upon personal information as to her own activities and upon information and belief as to the activities of others and all other matters, and states as follows:

## NATURE OF ACTION

1. This is an action for damages, declaratory, injunctive and equitable relief against the defendants for violation of the Lanham Act, 15.U.S.C. § 1125, *et. seq.*, violation of 42 U.S.C. § 1982, violation of the Illinois Right of Publicity Act and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"). By this action, Plaintiff seeks, *inter alia,* compensatory

1

damages, injunctive relief, equitable relief, declaratory relief, punitive damages, statutory damages and attorneys' fees and costs.

## STATEMENT OF JURISDICTION

2. This action arises in part under the laws of the United States, Title 15 U.S.C. § 1125 *et seq.*, 17 U.S.C. § 101 *et. seq.*, and 42 U.S.C. § 1982. Jurisdiction is thus proper under 28 U.S.C § 1331 and 28 U.S.C § 1338(a).

3. Since this Court has original jurisdiction over a federal question, it also maintains supplemental jurisdiction over Plaintiff's related state law claims for violation of the Illinois Right of Publicity Act and violation of the Consumer Fraud Act.

## PARTIES

4. Plaintiff Ermon is a beautiful African-American model who has spent a significant part of her professional life earning a living as a brand ambassador for various companies whose products are in the stream of commerce across multiple states in the United States of America. She possesses and markets her unique, catchy image to generate income.

5. According to its website, Zeller Realty Group ("Zeller") is a full-service real estate firm with offices in Chicago, Denver, Indianapolis and Minnesota-St. Paul.

6. According to its website, Image Fiction, Inc ("ImageFiction") is a "next-generation real estate marketing firm providing photorealistic renderings of creative development concepts."

FACTUAL BACKGROUND

7. On or about June 2014, Ermon entered into a work-for-hire agreement ("photography agreement") with a Chicago photographer, Alec Benjamin ("Benjamin") whereby Benjamin agreed to take one or more professional photographs of Ermon, and Ermon agreed to permit Benjamin to use her photographs in his studio, with Ermon retaining the exclusive copyright to the photographs.

8. Ermon performed all her obligations under the photography agreement.

9. Sometime on or about June 2014 or later, upon information and belief, Benjamin sold one or more of Ermon's protected photographs to ImageFiction to use for commercial purposes without Ermon's permission.

10. Sometime on or about June 2014 or later, ImageFiction sold one or more of Ermon's protected photographs to Zeller to use for advertising and promoting real estate services without Ermon's permission.

11. From at least October 13, 2015 until approximately November 7, 2015, Zeller used Ermon's image, a copy of which is attached as Exhibit 1, to market real estate services without her written permission by displaying her photograph along those of white models at 401 North Michigan Avenue in Chicago, Illinois. 401 North Michigan Avenue is a premium and coveted location of the Chicago real estate market. A depiction of the display as of about October 13, 2015 is reproduced as Exhibit 2.

12. Ermon has registered the photograph used by Zeller with the U.S. Copyright Office.

13. Upon information and belief, Ermon's photograph was seen by millions of people, including a sizeable population that constitutes Zeller's target market, and generated profits for Defendants, the exact amount of which is currently unknown.

14. On or about October 29, 2015, Ermon offered to enter into an agreement with Zeller to allow it to use her image and likeness to continue to promote its real estate products or services for a reasonable fee or other consideration.

15. On or about November 6, 2015, Zeller rejected Ermon's offer, removed her image from its premises and replaced it with the image of, upon information and belief, a white female. Zeller did not remove any of the images of the white models at 401 North Michigan Avenue. A depiction of the replacement picture, as of November 30, 2015 is reproduced as Exhibit 3.

16. Between October 13, 2015 to present, Ermon has incurred significant costs, including attorneys' fees and expenses to investigate her claims against Zeller and ImageFiction. Ermon's legal fees, expenses and costs are among her actual damages.

17. Upon information and belief, ImageFiction and Zeller have profited from the use of one or more of Ermon's protected photographs, without her permission.

COUNT ONE
COPYRIGHT INFRINGEMENT – AGAINST ALL DEFENDANTS

18. Plaintiff repeats the allegations of the paragraphs 1-17 of this complaint as though fully alleged herein.

19. Through their conduct as alleged above, Defendants have infringed Ermon's copyright in one or more of her photographs in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

20. Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

21. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

22. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

23. Plaintiff is further entitled to her attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

24. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis avers that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in one or more of her photographs. Plaintiff is entitled to preliminary and injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

25. WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

    a. For damages in such amount as may be found, or as otherwise permitted by law;

    b. For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringements of Plaintiff's copyright in her photographs;

    c. For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiff's copyright in one or more of her photographs.

    d. For prejudgment interest according to law;

    e. For Plaintiff's attorneys' fees, costs, and disbursements in this action.

    f. For such other and further relief as the Court may deem just and proper.

## COUNT TWO
## VIOLATION OF THE ILLINOIS RIGHT OF PUBLICITY ACT – AGAINST ALL DEFENDANTS

26. Plaintiff repeats the allegations of the paragraphs 1-17 of this complaint as though fully alleged herein.

27. At all relevant times, the Illinois Right of Publicity Act, 765 ILCS 1075/30(a), provided in relevant part that "[a] person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person". Ermon's photographs described above constitute her identity for purposes of the Illinois Right of Publicity Act.

28. By acting as alleged above, Defendants used Ermon's individual identity for commercial purposes to sell real estate services during her lifetime without having obtained previous written consent from her, or any other appropriate person in violation of the Illinois Right of Publicity Act.

6

29. As a proximate or direct result of the Defendants' conduct as alleged above, Ermon suffered actual damages, including, but not limited to attorneys' fees, costs and expenses.

30. WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

   a. For damages in such amount as may be found, or as otherwise permitted by law;

   b. For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from using her individual identify for commercial purposes during her lifetime without her written consent;

   c. For prejudgment interest according to law;

   d. For Plaintiff's attorneys' fees, costs, and disbursements in this action.

   e. For such other and further relief as the Court may deem just and proper.

COUNT THREE
VIOLATION OF LANHAM ACT – AGAINST ALL DEFENDANTS

31. Plaintiff repeats the allegations of the paragraphs 1-17 of this complaint as though fully alleged herein.

32. By acting as alleged above, Defendants, in violation of Section 43(a) of the Lanham Act, deceived the public as to Ermon's affiliation, connection or association with Zeller by suggesting that Ermon has endorsed or is otherwise

7

associated with Zeller's real estate products or services because Ermon has not endorsed any of Zeller's products or services.

33. By acting as alleged above, Defendants, in violation of Section 43(a) of the Lanham Act, deceived the public as to Ermon's approval of Zeller's products or services by suggesting that Ermon has approved Zeller's real estate products or services because Ermon has not approved any of Zeller's products or services.

34. WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

   a. For damages in such amount as may be found, or as otherwise permitted by law;

   b. For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from using her individual identity and/or photograph for commercial purposes without her written consent;

   c. For prejudgment interest according to law;

   d. For Plaintiff's attorneys' fees, costs, and disbursements in this action.

   e. For such other and further relief as the Court may deem just and proper.

## COUNT FOUR
### VIOLATION OF 42 U.S.C. 1982 – AGAINST ZELLER REALTY GROUP

35. Plaintiff repeats the allegations of the paragraphs 1-17 of this complaint as though fully alleged herein.

36. At all relevant times, Ermon's photograph and her exclusive right to license its use constituted her personal property within the meaning of 42 U.S.C § 1982.

37. By removing her picture and refusing to negotiate with Ermon to have her image continue to be displayed at 401 North Michigan Avenue in Chicago, but instead replacing it with the photo of, upon information and belief, a white female, Zeller's conduct as described above constituted intentional racial discrimination against Ermon and deprived her of her fair right to sell, lease or hold personal property in violation of 42 U.S.C § 1982.

38. By removing her picture and refusing to negotiate with Ermon to have her image continue to be displayed at 401 North Michigan Avenue in Chicago, but instead replacing it with the photo of, upon information and belief, a white female, Zeller's conduct as described above constituted disparate treatment of Ermon on the basis of race and deprived her of her fair right to sell, lease or hold personal property in violation of 42 U.S.C § 1982.

39. As a direct or proximate result of one or more of the aforementioned wrongful acts, Ermon has suffered actual and presumed damages, including but not limited to loss of dignity, humiliation and embarrassment, some of which cannot be compensated with money, and is likely to suffer damages which cannot be compensated with money.

40. WHEREFORE, Plaintiff seeks actual damages, punitive damages, and reasonable attorneys' fees and costs against Defendant Zeller Realty Group for violation of 42 U.S.C. § 1982.

## COUNT FIVE
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT (815 ILCS 505/1) – AGAINST ALL DEFENDANTS

41. Plaintiff repeats the allegations of the paragraphs 1-40 of this complaint as though fully alleged herein.

42. The Illinois Consumer Fraud Act prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact." It further provides that in construing the section, "consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act. " Consumer Fraud Act, 815 ILCS 505/2. Section 5 of the Federal Trade Commission Act (FTC Act) (15 USC 45) prohibits "unfair or deceptive acts or practices in or affecting commerce."

43. Defendants' conduct as alleged above constituted unfair or deceptive acts in or affecting commerce within the meaning of the Illinois Consumer Fraud Act, and thus violated it.

44. As a proximate or direct result of Defendants' conduct as alleged above, Ermon suffered actual damages, including attorneys' fees, costs and other expenses.

45. WHEREFORE, Plaintiff seeks actual, compensatory and punitive damages and attorney's fees and costs against Defendants for violation of the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et. seq.*

## COUNT SIX
### DECLARATORY JUDGMENT (COPYRIGHT ACT) – AGAINST IMAGE FICTION, INC

46. Plaintiff repeats the allegations of the paragraphs 1-17 of this complaint as though fully alleged herein.

47. An actual controversy exists between Ermon and Defendant ImageFiction as to whether ImageFiction has the right to use Ermon's protected photographs without her permission.

48. Ermon alleges and asserts that she is the exclusive copyright owner of the photographs that Alec Benjamin took of her on or about June 2014.

49. ImageFiction has used at least one of her photographs for commercial purposes without her permission, an act that constitutes an infringement of her rights under the Copyright Act [17 U.S.C. § 106(2)];

50. Ermon is entitled to a declaratory judgment against Image Fiction, Inc., that:

   a. She is the copyright owner of the pictures that Alec Benjamin took of her on or about June 2014, including the photograph that Zeller used to market real estate services at 401 North Michigan Avenue, Chicago, IL.

51. WHEREFORE, Ermon, prays for relief as follows:

a. For a judicial determination and order declaring that Amanda Ermon is the copyright owner of the photograph attached to this complaint as Exhibit 1, which Zeller Real Estate Group and Image Fiction, Inc., used for commercial purposes to market real estate services;

b. For an order enjoining Image Fiction, Inc., its agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them from asserting any right of copyright ownership over the photograph attached to this complaint as Exhibit 1, which Zeller Real Estate Group and Image Fiction, Inc., used for commercial purposes to market real estate services;

c. For the recovery of Ermon's full costs and reasonable attorneys' fees as provided in 17 U.S.C. § 505;

d. For such additional and further relief, in law and equity, as the Court may deem just and proper.

## GENERAL

52. Where conditions precedent are alleged, Plaintiff avers that all conditions precedent have been performed, or have occurred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Amanda Ermon, accordingly and respectfully demands judgment against Zeller Realty Group and Image Fiction, Inc., jointly and severally, or as applicable and appropriate, as follows:

53. That Plaintiff be awarded general compensatory damages of not less than $30,000;

54. That Plaintiff be awarded actual damages in an amount to be determined at trial;

55. That Plaintiff be awarded punitive damages in an amount to be determined at trial;

56. That Plaintiff be awarded attorneys' fees, court costs and expenses in an amount to be determined at trial;

57. That Plaintiff be awarded attorneys' fees and court costs for violation of 42 U.S.C. § 1982 in an amount to be determined at trial;

58. That the Court find, declare and order that Amanda Ermon is the copyright owner of the photograph attached to this complaint as Exhibit 1, which Zeller Real Estate Group and Image Fiction, Inc., used for commercial purposes to market real estate services;

59. That Plaintiff be awarded any such other and all relief to which Amanda Ermon may be entitled as a matter of law or equity as deemed appropriate by this Court.

Respectfully Submitted on November 30, 2015

*/s/ Eric Onyango*

Eric Onyango
Counsel for Plaintiff
Primetime Legal Services, LLC
222 North Columbus Drive, Suite 1507
Chicago, Illinois 60601



Case: 1:15-cv-10719 Document #: 1 Filed: 11/30/15 Page 14 of 16 PageID #:14

EXHIBIT 1

Case: 1:15-cv-10719 Document #: 1 Filed: 11/30/15 Page 15 of 16 PageID #:15

EXHIBIT 2



